VERNON H. JEFFERY AND GLORIA JEFFERY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jeffery v. Commissioner
Docket No. 4888-89
United States Tax Court
T.C. Memo 1990-224; 1990 Tax Ct. Memo LEXIS 258; 59 T.C.M. (CCH) 520; T.C.M. (RIA) 90224; May 7, 1990, Filed Lawrence V. Brookes, for the petitioners. Thomas G. Schleier, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
*743 MEMORANDUM OPINION This case is before the Court under section 7443A(b)(4) of the Internal Revenue Code[1] on petitioners' Motion for Litigation Costs filed on December 4, 1989, pursuant to section 7430. Respondent has filed an objection to said motion. Neither party has requested a hearing. Petitioners *260 were residents of Vacaville, California at the time the petition herein was filed. On December 30, 1988, respondent issued a notice of deficiency for the taxable year 1984 determining a deficiency in income tax in the amount of $ 5,750 and additions to tax under sections 6653(a)(1) and (2), 6659, 6661, and 6621(c). The petition was filed on March 13, 1989. Section 7430 sets forth the requirements for the awarding of costs and certain fees. Section 7430 was amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub.L. 100-647, 102 Stat. 3342, effective for proceedings commenced after November 10, 1988. The provisions of TAMRA are applicable to the instant case. In general, section 7430(a) authorizes the Court to award reasonable administrative and litigation costs to taxpayers who prevail against *261 the government in any administrative or court proceeding. Litigation costs will not be awarded unless the Tax Court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. Section 7430(b)(1). The term "prevailing party" includes the *744 requirement that the taxpayer establish that the position of the United States in the proceeding was not substantially justified. Section 7430(c)(4). The term "position of the United States" is defined in section 7430(c)(7) to mean:
(A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and (B) the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of - (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. Petitioners contend that respondent's issuance of the notice of deficiency on December 30, 1988, for the taxable year 1984 was unreasonable in that respondent disregarded a previously executed closing agreement applicable to the *262 taxable year 1984. An examination of prior events is necessary for a proper evaluation of petitioner's contention. On March 23, 1987, petitioners executed a power of attorney authorizing Gene N. Windham to represent them before the Internal Revenue Service with respect to the taxable years 1983, 1984, and 1985. On May 8, 1987, petitioners filed a petition with this Court in Docket No. 11972-87 with respect to the year 1983. On November 2, 1987, respondent sent a letter to petitioners, as investors in Marine Dry Cargo Container Leasing, outlining an offer of settlement for the issues raised during the examination of their 1984 and 1985 returns. On August 22, 1988, more than nine months later, respondent issued a 30-day letter to petitioners explaining the adjustments in petitioners' tax liability for the year 1984. In September 1988 the parties executed a Form 906 closing agreement which, after reciting that the parties had resolved the year 1983 by filing a stipulated decision document with the Tax Court, stated their agreement that petitioners were allowed a deduction in 1984 for a percentage of their cash investment. The stipulated decision for the taxable year 1983 was entered *263 by the Tax Court on December 22, 1988. On December 30, 1988, respondent issued a notice of deficiency to petitioners for the taxable year 1984. On March 10, 1989, respondent sent a letter to Mr. Windham responding to a proposed settlement agreement submitted by Mr. Windham. Petitioners filed a petition with the Tax Court on March 13, 1989. On September 6, 1989, an appeals officer sent a letter to petitioners' counsel, Mr. Lawrence Brookes, stating that no mutually satisfactory basis of settlement had been reached and that the case would therefore proceed to trial. On September 29, 1989, the parties filed a stipulation of settled issues with the Court stipulating a deficiency of $ 4,010 for the year 1984 and no additions to tax under sections 6653(a)(1), 6653(a)(2), 6659, and 6661. The parties also stipulated that section 6621(c) was applicable. Against this background, we cannot agree with petitioners that respondent's issuance of a notice of deficiency to petitioners for the year 1984 was somehow unreasonable. Here under section 7430(c)(7)(B) the position of respondent is determined as of the date of the notice of deficiency, since the notice of deficiency preceeded the *264 Office of Appeals notice of decision, and whether this matter could have been resolved administratively before the notice of deficiency was issued is irrelevant. It does not appear that respondent affirmatively delayed the resolution process with respect to the year 1984. In any event, some delay in the settlement process, in and of itself, does not make respondent's position unreasonable. Moreover, there are indications in the record that petitioners bear some responsibility for the delay. The Form 906 closing agreement executed by the parties in September 1988 was binding upon the parties only as to specific matters agreed upon. See Zaentz v. Commissioner, 90 T.C. 753, 761 (1988). Respondent is not barred from litigating issues not agreed upon. It readily appears that as late as September 6, 1989, no mutually satisfactory basis of settlement had been reached with respect to the year 1984. In our view, respondent's, position judged starting from the date of the notice of deficiency, taken in petitioners' proceeding was reasonable. We hold, therefore, that petitioners are not entitled to recovery of their litigation costs. An appropriate order and decision *265 will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩